**SIGNED THIS: August 28, 2006**

                                    _____
                                      **MARY P. GORMAN**
                                    **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | In Bankruptcy |
| DUESTERHAUS FERTILIZER, INC., ) | |
| ) | Case No. 05-77079 |
|       Debtor. ) | |
| _____ ) | |
| ) | |
| DUESTERHAUS FERTILIZER, INC., ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 06-7110 |
| ) | |
| CAPITAL CROSSING BANK, ) | |
| ) | |
|       Defendant. ) | |

## O P I N I O N

This matter comes before the Court for decision on the issue of whether the Defendant, Capital Crossing Bank ("Capital

-1-

Crossing") has a valid, perfected security interest in certain assets of the Plaintiff, Duesterhaus Fertilizer, Inc. ("Duesterhaus"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(K) to determine the validity, extent, or priority of a lien.

Duesterhaus is an Iowa corporation with its place of business in Quincy, Illinois. Duesterhaus was a dealer of agricultural chemicals and provided related services to farmers. In 1994 and 1995, Duesterhaus borrowed money from the United States Small Business Administration ("SBA") and executed two security agreements pledging its inventory, accounts receivable, and other personal property to SBA to secure its obligations. Financing statements needed to perfect the secured interest of SBA were properly filed with the Illinois Secretary of State at the time of each loan.

Capital Crossing took an assignment of SBA's notes and security interests and filed a continuation statement with the Illinois Secretary of State in 1999 with respect to the 1994 financing statement. In April, 2002, in order to comply with revisions to the Uniform Commercial Code adopted by both Illinois and Iowa, Capital Crossing filed what the parties here refer to as an "in lieu of" financing statement with the Iowa Secretary of State. The "in lieu of" financing statement referenced the original 1994 financing statement and the 1999 continuation

statement previously filed in Illinois.

On October 14, 2005, Duesterhaus filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Duesterhaus remains a debtor in possession and is currently seeking confirmation of a liquidating Chapter 11 Plan. Duesterhaus filed this adversary complaint against Capital Crossing in April, 2006, and in Count I seeks a determination that the "in lieu of" financing statement was defective because it did not contain a description of the secured collateral. Capital Crossing has filed a Motion to Dismiss Count I, asserting that the "in lieu of" statement fully complied with the requirements of Iowa law.[1]

Prior to July 1, 2001, creditors generally perfected security interests by filing financing statements with the Secretary of State in the state where the secured assets were physically located. Revised Article 9 of the Uniform Commercial Code, which was adopted by both Illinois and Iowa, became effective on July 1, 2001.[2] 810 ILCS § 5/9-101 *et seq.*; Iowa Code § 554.9101 et seq.

---

[1] Capital Crossing's Motion to Dismiss was also directed at Count II of the Complaint. The issues related to Count II will not be discussed in this Opinion. A separate Order will be entered denying the Motion to Dismiss as to Count II for the reasons stated in that Order.

[2] This case involves interpretation of both the Illinois and Iowa commercial codes, which were each adopted from the Uniform Commercial Code. No conflict of laws issues have been raised by the parties as the parties appear to agree on the law applicable in this case. That may be because all provisions of Illinois and Iowa

One of the major revisions to Article 9 was a change in filing requirements. Under the new law, financing statements must now be filed in the state where the debtor is located. 810 ILCS § 5/9-301(1); Iowa Code § 554.9301(1). Further, under the new law, corporations are "located" in the state of their incorporation. 810 ILCS § 5/9-307(e); Iowa Code § 554.9307(5).

Because the change in filing requirements necessitated new filings being made in many cases, and because the intent of the drafters was to simplify procedures but not to disturb previously established priorities in specific transactions, transition rules were developed. The transition rules provided for the effectiveness or priority of financing statements properly filed in one state to continue upon the filing of proper documents in another state. The transition rules are set forth in Part 7 of Revised Article 9. The provisions relevant to the dispute before this Court are the following:

**Security interest perfected before effective date**

>    (1) Continuing priority over lien creditor-perfection requirements satisfied. A security interest that is enforceable immediately before July 1, 2001, and would have priority over the rights of a person that becomes a lien creditor at the time is a perfected security interest under this Act if, on July 1, 2001, the applicable requirements for enforceability and perfection under this Act are satisfied without further action.

---

law relevant to this case are virtually identical. Neither state has adopted any non-uniform amendments to the provisions of their commercial codes at issue here. Citation is made to both the Illinois and Iowa statutes as appropriate.

>    (2) Continuing priority over lien creditor-perfection requirements not satisfied. Except as otherwise provided in section 554.9705, if, immediately before July 1, 2001, a security interest is enforceable and would have priority over the rights of a person that becomes a lien creditor at that time, but the applicable requirements for enforceability or perfection under this Act are not satisfied on July 1, 2001, the security interest:
>
>> (a) is a perfected security interest for one year after July 1, 2001;
>
>> (b) remains enforceable thereafter only if the security interest becomes enforceable under section 554.9203 before the year expires; and
>
>> (c) remains perfected thereafter only if the applicable requirements for perfection under this Act are satisfied before the year expires.

Iowa Code § 554.9703; *see also* 810 ILCS § 5/9-703 (parallel Illinois citation).

**When initial financing statement suffices to continue effectiveness of financing statement.**

>    (1) Initial financing statement in lieu of continuation statement. The filing of an initial financing statement in the office specified in section 554-9501 continues the effectiveness of a financing statement filed before July 1, 2001, if:
>
>> (a) the filing of an initial financing statement in that office would be effective to perfect a security interest under this Act;
>
>> (b) the pre-effective-date financing statement was filed in an office in another State or another office in this state; and
>
>> (c) the initial financing statement satisfies subsection (3).
>
>    (2) Period of continued effectiveness. The filing of an initial financing statement under subsection (1)

continues the effectiveness of the pre-effective-date financing statement:

    (a) if the initial financing statement is filed before July 1, 2001, for the period provided in section 554.9403, Code 2001, with respect to a financing statement; and

    (b) if the initial financing statement is filed after July 1, 2001, for the period provided in section 554.9515 with respect to an initial financing statement.

(3) Requirements for initial financing statement under subsection (1). To be effective for purposes of subsection (1), an initial financing statement must:

    (a) satisfy the requirements of part 5 for an initial financing statement;

    (b) identify the pre-effective-date financing statement by indicating the office in which the financing statement was filed and providing the dates of filing and file numbers, if any, of the financing statement and of the most recent continuation statement filed with respect to the financing statement; and

    (c) indicate that the pre-effective-date financing statement remains effective.

Iowa Code § 554.9706; *see also* 810 ILCS § 5/9-706 (parallel Illinois citation).

In summary, these provisions allow a financing statement properly filed under the old law to remain in full force and effect for a period of one year after the effective date of the new law. In order to maintain the priority established by the original financing statement, however, a new initial financing statement must be filed in the correct office under the new law and such new financing statement must comply with the requirements of Part 5 of

Article 9 and must contain certain information about the prior filing.

It is undisputed that the original financing statement filed by SBA and assigned to and continued by Capital Crossing was properly filed in Illinois.  Further, there is no dispute that the new initial financing statement was required to be filed by Capital Crossing in Iowa.  Capital Crossing filed the new financing statement in the correct location within the requisite one-year period.  Capital Crossing's new financing statement filed in Iowa also contained all of the required information about the prior Illinois filing.  The only dispute is whether the Iowa filing complied with Part 5 of Article 9.

Section 9-502 sets forth the requirements for an initial financing statement:

> **Contents of financing statement. . .**
>
> (1) Sufficiency of financing statement. Subject to subsection (2), a financing statement is sufficient only if it:
>
>    (a)  provides the name of the debtor;
>
>    (b)  provides the name of the secured party or a representative of the secured party; and
>
>    (c)  indicates the collateral covered by the financing statement.

Iowa Code § 554.9502(1); *see also* 810 ILCS § 5/9-502(a) (parallel Illinois citation).

Duesterhaus complains that Capital Crossing failed to comply

with the third requirement for a sufficient financing statement because it failed to include any indication of the collateral covered by the financing statement. Section 9-504 defines the term "Indication of Collateral":

**Indication of collateral**

>A financing statement sufficiently indicates the collateral that it covers if the financing statement provides:
>
>>(1)  a description of the collateral pursuant to section 554-9108; or
>
>>(2)  an indication that the financing statement covers all assets or all personal property.

Iowa Code § 554.9504; *see also* 810 ILCS § 5/9-504 (parallel Illinois citation).

Section 9-108 referred to in Section 9-504 provides in part:

**Sufficiency of description**

>(a)  Sufficiency of description. Except as otherwise provided in subsections (3), (4), and (5), a description of personal or real property is sufficient, whether or not it is specific, if it reasonably identifies what is described.
>
>(b) Examples of reasonable identification. Except as otherwise provided in subsection (4), a description of collateral reasonably identifies the collateral if it identifies the collateral by:
>
>>(a)  specific listing;
>>
>>(b)  category;
>>
>>(c)  except as otherwise provided in subsection (5), a type of collateral defined in this chapter;
>>
>>(d)  quantity;

-8-

>    (e) computational or allocational formula or procedure; or
>
>    (f) except as otherwise provided in subsection (3), any other method, if the identity of the collateral is objectively determinable.

Iowa Code § 554.9108; *see also* 810 ILCS § 5/9-108 (parallel Illinois citation).

The question before the Court is whether the new financing statement filed by Capital Crossing in Iowa provided a sufficient indication of its collateral to comply with Iowa law. Duesterhaus asserts that there is no description whatsoever of Capital Crossing's collateral included in the Iowa financing statement and, therefore, the financing statement fails to perfect an interest in any collateral. Capital Crossing counters that its reference to the prior Illinois financing and continuation statements was sufficient to lead searchers to a description of its collateral and, therefore, the financing statement continued the perfection of its secured interest. This Court agrees with Duesterhaus that the Iowa financing statement is defective and inadequate to perfect Capital Crossing's secured interest in Duesterhaus' assets.

Both parties focused on the transition rules in their briefs. As set forth above, the transition rules were created to allow creditors to maintain the continuity and priority of previously properly-filed financing statements. The transition rules also recognized, however, that the new filing in the new state would become the controlling filing and, therefore, that filing must

consist of a complete financing statement rather than just an abbreviated continuation statement. Thus, the transition rules required the new financing statement to comply with all provisions of Part 5 of Article 9. Those provisions require an indication of the collateral to be included on the financing statement. Here, there is no indication of collateral whatsoever. Even the reference to the prior Illinois filing does not state that the collateral subject to the new filing is described on that prior filing. To find that the Iowa filing complies with Part 5 of Article 9 would require this Court to totally ignore the requirement of Section 9-502 that collateral be indicated on the financing statement. *See* Iowa Code § 554.9502(1)(c). This Court cannot ignore an entire portion of the statute.

This case appears to present an issue of first impression. The parties have not cited and this Court has not found any relevant cases decided under Revised Article 9. Several bankruptcy courts have, however, reviewed similar issues under the prior law and those cases provide some guidance here. In In re McCloy, 206 B.R. 428 (Bankr. N.D. Tex. 1997), the court found that a continuation statement which did not contain a description of the collateral when such description was specifically required by Texas law was ineffective to continue perfection of the creditor's lien. The court made this finding notwithstanding the fact that the continuation statement contained sufficient information to put

searchers on notice of the original financing statement which did contain the collateral description.  The court found that it could not ignore a mandatory requirement of the controlling statute.

Likewise, in In re Bailey, 228 B.R. 267 (Bankr. D. Kan. 1998), the court found that a financing statement was no longer valid because it failed to contain a description of the collateral and referred only to a prior statement which had lapsed.  Even though the prior statement could ultimately be found by searchers, the court found that the lapsed statement was not a proper reference to describe the collateral.

Both parties here have discussed PA Record Outlet, Inc. v. Mellon Bank, N.A. 894 F.2d 631 (3rd Cir. 1990).  In that case, the Court found that a continuation statement which referred to a financing statement for a collateral description was not defective. This case is distinguishable because continuation statements by definition "continue" the effectiveness of the original financing statement and keep that original statement from lapsing and being removed from the public record.  Absent an express state law requirement that the continuation statement contain a description of the collateral, reference to another document in the same public record would appear to meet the notice requirements.

In the case before this Court, the controlling statute expressly requires a description of the collateral to be included in the financing statement filed in Iowa.  Iowa Code §


554.9502(1)(c).  Further, the documents referenced in the Iowa filing and claimed by Capital Crossing to be adequate to "indicate the collateral" lapsed before this case was filed.  The last Illinois continuation statement was filed June, 1999, and would, therefore, have lapsed in June, 2004, absent further continuation.  810 ILCS § 5/9-515.  No evidence of further continuation has been presented.  Once lapsed, the Illinois Secretary of State is required to maintain records of the original filing for only one year.  810 ILCS § 5/9-522.  The records of the original filing could have been destroyed in June, 2005.  This case was filed in October, 2005.

Unlike <u>PA Record Outlet</u>, *supra*, the Iowa filing here does not reference a public document which would necessarily be maintained and available for public view for the duration of the existence of the Iowa filing.  The transition rules do not provide for the continuance of the old filing for any period of time and there is no requirement of cross-filing to let those who maintain records in one state know that filings which appear to have lapsed according to their records have, in fact, been continued in another state.  To the contrary, the new law anticipates that, after transition, the old filings will lapse and ultimately be destroyed.  The new filings will control.

This Court simply cannot ignore the express requirement of Iowa law that the new, initial financing statement filed to comply

with Revised Article 9 must contain an indication of Capital Crossing's collateral.  The reference to the old Illinois documents was insufficient to satisfy that requirement because those documents, although initially public, had lapsed and could have been destroyed prior to the time of this bankruptcy filing.

For the reasons set forth above, Capital Crossing's Motion to Dismiss Count I is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###